UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMY MESSER,

    Plaintiff,

v.                                                      CASE NO. 3:17-cv-677-J-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for period of disability, disability insurance benefits, and supplemental security income.  Plaintiff alleges she became disabled on May 10, 2014.  Plaintiff's applications were denied initially and on reconsideration.  A hearing was held before the assigned Administrative Law Judge ("ALJ") on May 17, 2016, at which Plaintiff was represented by an attorney.  (Tr. 42-96.)  The ALJ found Plaintiff not disabled since May 10, 2014, the alleged onset date, through January 11, 2017, the date of the decision.  (Tr. 26-36.)

Plaintiff is appealing the Commissioner's decision that she was not disabled during the relevant time period.  Plaintiff has exhausted her available administrative remedies and the case is properly before the Court.  The undersigned has reviewed the record, the briefs, and the applicable law.  For the

1

reasons stated herein, the undersigned determines that the Commissioner's decision is **AFFIRMED**.

   I.   **Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff argues on appeal that the ALJ did not adequately account for the opinions of consultative physician Thomas Falls, M.D., in his residual function capacity ("RFC") assessment and failed to account for Dr. Falls' opinions when relying on the testimony of the vocational expert ("VE"). Specifically, Plaintiff argues that the limitations on Plaintiff's ability to lift as outlined in Dr. Falls' consultative report would render Plaintiff disabled. (Doc. 18.)

Defendant responds that the ALJ properly considered the opinions of Dr. Falls when determining Plaintiff's RFC in this case. Defendant also contends that the ALJ presented a proper hypothetical question to the VE. (Doc. 19.)

### A. The ALJ's Decision

The ALJ determined that Plaintiff had severe impairments, including "chronic obstructive pulmonary disease ('COPD'); osteoarthritis; chronic renal failure; lumbar degenerative disc disease; hypertension; and affective mood disorder." (Tr. 25.) The ALJ then determined at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Tr. 26-27.)

At step four, the ALJ made the following RFC determination:

> [T]he [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with the option to alternate between sitting and standing every 30 minutes; only occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing and

3

> stooping; no kneeling, crouching, or crawling; no concentrated
> exposure to extreme heat or cold; no concentrated exposure
> to respiratory irritants, moving mechanical parts, or
> unprotected heights; can interact occasionally with the general
> public and coworkers; and can adequate[ly] relate to
> supervisors. The individual is limited to performing simple
> tasks with little variation that take short periods of time to learn
> (up to and including 30 days, such as SVP 1-2) and she is
> able to deal with changes in a routine work setting.

(Tr. 28.) In making his finding, the ALJ evaluated, *inter alia*, the medical opinion evidence and accorded significant weight to the opinions of state agency reviewing physician, Donna Sadler, M.D., who opined that Plaintiff was capable of lifting or carrying ten (10) pounds frequently and twenty (20) pounds occasionally. (Tr. 31 & 71.) Further, the ALJ accorded significant weight to the opinions of Dr. Falls because his assessment was "generally consistent with other evidence of record and [was] based on in-person examination observations, signs and findings." (Tr. 32.) Dr. Falls opined that the Plaintiff would "not be able to lift greater than ten (10) pounds on a regular continued [sic] basis . . . and the [Plaintiff] would be able to perform non-physically vigorous jobs without limitation." (Tr. 454.)

With the benefit of testimony from the VE, the ALJ determined that there are other jobs existing in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and RFC, such as mail sorter, office helper, and ticket seller. (Tr. 33.) As such, the ALJ found that Plaintiff was not disabled. (Tr. 33.)

## B. The ALJ's RFC Determination Was Proper

The ALJ determined that Plaintiff could perform light work with certain restrictions. In making his RFC determination, the ALJ found Dr. Falls' opinions to be consistent with the opinions of Dr. Sadler and the other evidence of record and, ultimately, determined that Plaintiff was capable of lifting up to ten (10) pounds frequently and lifting up to twenty (20) pounds occasionally. *Id.*

Plaintiff argues that Dr. Falls' suggested limitation that Plaintiff would not be able to lift greater than ten (10) pounds on a regular and continual basis meant that Plaintiff "cannot lift more than 10 pounds" *ever* and, therefore, the ALJ erred in determining Plaintiff could perform a reduced range of light work.[1] (Doc. 18 at 9.) The undersigned disagrees.

An ALJ's interpretation of the evidence, when reasonable, is entitled to deference. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (stating that an ALJ's reasonable interpretation of evidence is entitled to deference); *see also Green v. Comm'r of Soc. Sec.*, 695 F. App'x 516, 518 (11th Cir. 2017) (stating that "[a reviewing court] must defer to the ALJ's decision if it is supported by substantial evidence"). Here, the ALJ's interpretation of Dr. Falls' prescribed limitations — that Plaintiff should not "lift greater than 10 pounds on a regular continued [sic] basis" to mean that Plaintiff was capable of lifting up to ten

---

[1] The regulations state: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

5

(10) pounds frequently and twenty (20) pounds occasionally — is reasonable, especially when read in conjunction with Dr. Sadler's opinions and the other record evidence.[2] (Tr. 71 (opining that Plaintiff could perform light exertional work including lifting up to ten (10) pounds frequently and lifting up to twenty (20) pounds occasionally), 288-89 (reporting that Plaintiff was able to perform activities of daily life such as laundry, grocery shopping, preparing meals, and household chores), 436 (reporting that Plaintiff had no neck, back, or joint pain, no limitation of joint movement, and no muscle pain), 534-535, (finding that Plaintiff had full ranges of motion, normal strength, and a generally unremarkable examination as related to the lifting limitations at issue), 541 (same), 568 (finding that Plaintiff satisfactorily tolerated overhead pulley exercises), 577 (reporting that Plaintiff displayed 5/5 on overall muscular strength and 4/5 on upper extremity strength).) Thus, the ALJ's RFC determination was proper and is supported by substantial evidence. In any event, Plaintiff's ability to interpret Dr. Falls' opinions in a manner inconsistent with the ALJ does not diminish the ALJ's determination.

---

[2] Plaintiff also did not provide any support, other than her own statements, for why the ALJ's interpretation was unreasonable or why she believes greater restrictions than those found by the ALJ are warranted. Indeed, the ALJ found Plaintiff's subjective statements to have diminished persuasiveness on account of the discrepancy between Plaintiff's allegations and the evidence. (Tr. 30-31.) That finding is supported by the record (as described above) and Plaintiff did not challenge the ALJ's finding in that regard on appeal. Plaintiff ultimately failed to meet her burden of proving that she is disabled. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (finding that claimants bear the burden of proving they are disabled and are responsible for producing evidence in support of their claim).

*See Crawford*, 363 F.3d at 1159 (stating that even if the evidence preponderates against the ALJ's findings, the ALJ's decision must be upheld if it is supported by substantial evidence).

### C. The ALJ's Determination at Step Five Was Proper

Plaintiff also argues that the ALJ's determination at step five was not supported by substantial evidence. (Doc. 18 at 8.) Plaintiff asserts that while the VE believed that an individual with a light work limitation could perform the occupations of mail sorter, office helper, and ticket seller, on cross examination, the VE testified that he could not guarantee that an individual with such an occupation would not have to lift more than ten (10) pounds. Plaintiff contends she would be unable to perform the listed occupations if she cannot lift greater than ten (10) pounds. (Doc. 18 at 8.)

Plaintiff's argument lacks merit. As discussed above, the ALJ's RFC determination was supported by substantial evidence. At step five, the ALJ must present a hypothetical to the VE that includes all limitations supported by the record. The ALJ did so here and the VE listed three (3) jobs Plaintiff could perform with Plaintiff's RFC. As such, the ALJ presented a proper hypothetical to the VE. The ALJ was not required to incorporate unsupported allegations or unsupported opinions within his hypothetical to the VE. *See, e.g., Crawford*, 363 F.3d at 1161; *Graham v. Bowen*, 790 F.2d 1572,1576 (11th Cir. 1986).

7

The fact that the VE testified on cross-examination that he could not "guarantee that [Plaintiff] would not have to lift more than 10 pounds in these jobs," does not present an apparent inconsistency in the record that the ALJ was required to reconcile (Tr. 58). *See Thomas v. Colvin,* No. 2:14-cv-1119-CSC, 2016 WL 1048525, at *2 (M.D. Ala. Mar. 16, 2016) (holding that when there is an inconsistency in the record, the ALJ has an obligation to resolve the conflict); *see also Jackson v. Berryhill*, No. 1:16-cv-03457-ODE-AJB, 2018 WL 1079411, at *8 (N.D. Ga. Jan. 25, 2018) (holding that "[b]ecause the VE's testimony indicated that there was no inconsistency, and Plaintiff's counsel did not question the VE about any possible inconsistency, the ALJ need not have proceeded to elicit an explanation for any conflict or resolve a conflict").

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on June 12, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record